UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JEFFREY LAUER, ) | |
| ) | |
| Plaintiff/Counter Defendant, ) | |
| ) | |
| v. ) | CAUSE NO. 1:06-CV-0244 |
| ) | |
| PATRIOT PAINT CO., ) | |
| ) | |
| Defendant/Counter Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| Z TECHNOLOGIES CORPORATION, ) | |
| ) | |
| Third Party Defendant ) | |

**MEMORANDUM OF OPINION AND ORDER**

Before the Court is Defendant/Counter Plaintiff, Patriot Paint Company, Inc.'s ("Patriot's") "Motion to Amend Its Counterclaim and Third-Party Complaint" filed on April 30, 2007. Plaintiff, Jeffrey Lauer ("Lauer") and Third-Party Defendant, Z Technologies Corporation, ("Z Tech") filed their joint response in opposition on May 21, 2007 to which Patriot replied on June 20, 2007. For the following reasons, Patriot's Motion will be GRANTED in part and DENIED in part.

**DISCUSSION**

On June 30, 2006, Lauer initiated this suit against Patriot seeking a declaratory judgment relating to an agreement ("the Agreement") he entered into with Patriot. Responsive to this complaint, Patriot countersued for breach of the Agreement, filed a third-party action against Z-Tech alleging tortious interference with contract, and sought injunctive relief against Lauer. Thereafter, deadlines for discovery and motion practice were set, with amendments to the pleadings due by

November 30, 2006; the discovery deadline ending on March 29, 2007 (and later extended to May 29, 2007); and the dispositive motion deadline ending on April 15, 2007. The request for injunctive relief spawned motions for summary judgment from all sides and briefing on these motions was not concluded until March 2007. Simultaneously with the briefing of these motions, the parties engaged in written discovery. In particular, Patriot sough non-party discovery from former customers of Patriot (now alleged to be customers of Z-Tech) including Royal Cargo, Atlas Specialty Products, and Lippert Components. The documentation responsive to this discovery arrived in mid-February and March 2007. According to Patriot, the documentation demonstrates for the first time evidence that Lauer was servicing former Patriot customers at Z-Tech allegedly in contravention of the Agreement. Patriot further represents that this information refutes affidavit testimony filed in opposition to Patriot's summary judgment motion.

Additionally, in February 2007, Patriot served various interrogatory requests, document production requests, and admission requests on both Lauer and Z-Tech. At the end of March 2007, Lauer responded, at least in part, to the requests and sought additional time to respond fully. Z-Tech also sought additional time to respond. Depositions of various persons including Lauer, Lauer's wife, and Z-Tech were scheduled for April 17, 2007; but, these were continued after a conference with Magistrate Judge Roger Cosbey, until after resolution of the present motion. On April 16, 2007, Lauer and Z-Tech responded in full to the outstanding discovery requests at which time Patriot reviewed Lauer's tax information and discovered that during the years of 2000-2006, Lauer, in addition to be a full-time sales employee for Patriot, earned substantial income from Z-Tech, allegedly breaching his fiduciary duty of loyalty to Patriot. Thereafter, Patriot sought to amend its counterclaim and third-party complaint to add claims of fraud, breach of fiduciary duty, and tortious interference with a business relationship. The court turns now to the propriety of that

request to amend.

A party may amend its pleading once as a matter of course at any time before a responsive pleading is served; otherwise, it may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Leave to amend is freely given when justice so requires. *Id.* However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Moreover, the requirements of Rule 15 must be read in conjunction with the requirements of Rule 16, because "[o]nce the district court [has] filed a pretrial scheduling order pursuant to [Rule] 16 which establish[es] a time table for amending pleadings that rule's standards [control]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992); *Kortum v. Raffles Holdings, Ltd.*, No. 01 C 9236, 2002 WL 31455994, at *3 (N.D. Ill. Oct. 30, 2002); *Tschantz v. McCann*, 160 F.R.D. 568, 570-71 (N.D. Ind. 1995). Rule 16 provides in part:

> (b) [The district court] . . . shall, after receiving the report from the parties under Rule 26(f)[,] . . . enter a scheduling order that limits the time (1) to join other parties and to amend the pleadings; (2) to file and hear motions; and (3) to complete discovery . . . . A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by the Local Rule, by a magistrate judge.

Fed. R. Civ. P. 16(b). Thus, a party seeking to amend a pleading after the date specified in a scheduling order must first show "good cause" for the amendment under Rule 16(b); then, if good cause is shown, the party must demonstrate that the amendment is proper under Rule 15. *Tschantz*, 160 F.R.D. at 571. "A court's evaluation of good cause is not co-extensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Id.* (quoting *Johnson*, 975 F.2d at 609). Rather, the good cause standard focuses on the diligence of the party seeking the amendment. *Id*. In other

words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Id.*

Here, the deadline for amending the pleadings has passed and thus, Patriot must first show good cause for extending the deadline under Rule 16 and then must show that the amendment is proper under Rule 15. Patriot convincingly demonstrates good cause because the precise contours of its counterclaim and third-party claims were not revealed until months after the pleading deadline lapsed, and then only became apparent through discovery responses submitted well within the discovery cutoff. See *Stallings v. Union Pac. R.R.*, No. 01 C 1056, 2003 WL 21317297, at *5 (N.D. Ill. June 6, 2003) (noting that "only through ongoing discovery and investigation was [the plaintiff] able to determine the validity of [the proposed amendment]"). Although Lauer appears to acknowledge that the alleged facts giving rise to the amendments were not disclosed until discovery received by Patriot after the expiration of the pleading deadline, it argues that Patriot unduly delayed because it should have sought expedited discovery given the posture of this case.

It is true that neither Patriot, nor Lauer for that matter, formally sought an order for expedited discovery; but this, by itself, does not translate into dilatory conduct by Patriot. According to Lauer, the parties did agree "upon an aggressive discovery schedule given their mutual intent to have a trial on the merits conducted by May 2007. " (Lauer Brief at p. 7). But, both parties acknowledge that the "aggressive discovery schedule" gave way to extensive briefing on cross-motions for summary judgment which consumed a substantial amount of their resources. During this hefty round of briefing, Lauer and Z-Tech contended via affidavits from representatives of Lippert Components, Atlas Specialty and Royal Cargo that Lauer and Z-Tech had not sold products to them or stolen their business from Patriot. Two days later, and in direct response to the allegations in these affidavits, Patriot targeted third-party discovery to these entities as well as interrogatory requests, requests for

production and requests for admission to both Lauer and Z-Tech.[1]  These events occurred in early February 2007 within the time afforded for discovery.

Given the above time frame and the fact that Patriot did, in fact, seek discovery within the time frame agreed to by the parties in the scheduling order (albeit not as promptly as Lauer and Z-Tech would have liked), this court cannot conclude that Patriot engaged in dilatory tactics or engaged in undue delay in seeking to amend its counterclaim and third-party complaint. Consequently, good cause has been shown.

Next, Lauer argues that allowing Patriot to amend this late in the proceedings is prejudicial, since the motions for summary judgment are fully briefed and Lauer has gone through considerable expense to this point in the litigation. Lauer cites to various authorities which seemingly imply that prejudice exists where the request to amend occurs after the filing of motions for summary judgment. *See, e.g., Walker v. Marion County Sheriff's Dept.,* 132 F.3d 37 at *2 (7th Cir. 1997) (denying motion for leave to amend after close of discovery and after a motion for summary judgment had been filed since "permitting the motion would prejudice the defendants because it would force them to litigate on new bases, perhaps necessitate new discovery, and strip them of the value of obtaining summary judgment); *Cleveland v. Porca Co.,* 38 F.3d 289, 297 (7th Cir. 1994) (court did not abuse its discretion in denying motion to amend "after discovery completed and after motions for summary judgment were fully briefed"); *Samuels v. Wilder*, 871 F.2d 1346, 1351 (7th Cir. 1989) ("not only did the plaintiffs not move to amend before defendants moved for summary judgment . . . the timing of raising the new issues was prejudicial to the defendant.").

---

[1] There is some discussion in the briefs that Patriot believed it had submitted discovery to Lauer and Z-Tech in October 2006.  Regardless of whether it submitted the discover in October 2006 or February 2007, both dates are within the time frame agreed by the parties in the scheduling order for the conduct of discovery in this case.

In the normal course, Lauer may have a point. *See Nichols v. Hendrick Corp.* 2007 WL 1805022, *1 (D.Kan.,2007) (indicating that there are cases where a pending motion for summary judgment was a factor in whether a motion to amend would be timely or cause unfair prejudice). This does not mean, however, that a pending summary judgment *requires* the denial of a motion to amend because at certain times it can be appropriate to grant a motion to amend while a motion for summary judgment is pending. *Id.* And here, this case has not followed the normal course as the parties agreed to consolidate a trial on the merits with the preliminary injunction request and file early motions for summary judgment. It was only after discovery (conducted within the deadline specified) and while briefing was ongoing that Patriot learned enough facts to warrant filing a request to amend. Moreover, the argument here that the existence of pending summary judgment motions would prejudice Lauer and Z-Tech carries little weight in that those motions may very well be amenable to conversion to partial motions for summary judgment or supplemented by briefing without rendering the original work of the parties moot.

Furthermore, at the time the present motion was filed discovery was ongoing and extended until May 29, 2007. Further, the parties are still in the process of conducting discovery as depositions in this cause have been continued until the resolution of this motion and/or the summary judgment motions. Thus, at the very least, additional discovery will need to be conducted even without the amendment. So, in the event the parties believe that additional discovery is warranted in light of this amendment, they have sufficient time to do so. Accordingly, any prejudice that might arise from this amendment is capable of being cured. *Id.*

Finally, aside from undue delay and prejudice, Lauer argues that the proposed amendment would be futile. A motion to amend the pleadings should not be denied based on futility unless it is "clearly futile," which means that the amendment could not withstand a motion to dismiss. *Chi.*

*Dist. Council of Carpenters Pension Fund v. R & R Flooring, Inc.*, No. 98 C 4247, 2000 WL 336515, at *2 (N.D. Ill. Mar. 28, 2000) (citing *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)). In that regard, a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency, not the merits, of the complaint. *Autry v. N.W. Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). When reviewing a motion to dismiss, the court accepts all well-pleaded facts as true and views any reasonable inferences from them in the light most favorable to the plaintiff, dismissing a claim only when it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Lauer and Z-Tech contend that the additional claims in the Amended Counterclaim and Third-Party Complaint cannot withstand a motion to dismiss in that the amended Third Party pleading does not state a claim for tortious interference with a business relations against Z-Tech under Indiana law. As for the proposed amended Counterclaim against Lauer, it is asserted that the breach of fiduciary duty counterclaim is barred by the two-year statute of limitations and the two counts of fraud against Lauer are not plead with particularity under Fed.R.Civ.P. 9(b). Patriot makes little response to these assertions, focusing exclusively on the fraud pleading contentions and arguing that it has pleaded with the specificity required by the rule. Nevertheless, the court shall examine each of the arguments.

To establish a claim of tortious interference in Indiana, a plaintiff must show: (1) the existence of a valid relationship; (2) the defendants' knowledge of the existence of the relationship; (3) the defendants' intentional interference with that relationship; (4) the absence of justification; and

7

(5) damages resulting from the defendants' wrongful interference with the relationship. *AutoXchange.com, Inc., et al. v. Dreyer & Reinbold, Inc.,* 816 N .E.2d 40 (Ind.Ct.App.2004). Additionally, Indiana's Supreme Court has held that "this tort requires some independent illegal action." *Brazauskas v. Fort Wayne-South Bend Diocese, Inc.,* 796 N.E.2d 286, 291 (Ind.2003), *cert. denied,* 541 U.S. 902, 124 S.Ct. 1602, 158 L.Ed.2d 244 (2004); *see also Watson Rural Water Co., Inc. v. Ind. Cities Water Corp.,* 540 N.E.2d 131, 139 (Ind.Ct.App.1989) ( "In the State of Indiana, an element necessary to prove this cause of action is that a defendant acted illegally in achieving his end."), *reh'g denied, trans. denied.* "Although the Seventh Circuit has rejected the implication that only a criminal act may be 'illegal conduct,' *Syndicate Sales, Inc. v. Hampshire Paper Corp.,* 192 F.3d 633, 641 (7th Cir.1999), unfortunately, Indiana courts have not defined 'illegality.'" *Manufacturer Direct LLC v. DirectBuy, Inc*. 2006 WL 2095247, *9 (N.D.Ind.,2006) (citing *Gaskins v. Vencor, Inc.,* No. IP99-1122-C-T/G, 2001 WL 300517, at *26 (S.D.Ind. Mar. 26, 2001) (stating "[i]llegality is not a term of art, and no court has defined the meaning of 'illegal' as used in this context.")).

Courts have, however, given some guidance about the types of conduct considered "illegal," such as fraud.  *See Reginald Martin Agency, Inc. v. Conseco Medical Ins. Co.,* 478 F.Supp.2d 1076, 1089 (S.D.Ind ,2007) ("CMIC must have acted illegally-and fraud is a sufficient illegal act-in its interference with Plaintiffs' business relationships."); see also *Miles Distributors, Inc. v. Specialty Const. Brands, Inc.* , 476 F.3d 442, 453 (7th Cir. 2007) ((implying that Antitrust violation would supply illegal conduct); but see, *Levee,* 729 N.E.2d at  222-23 (concluding that defamation does not constitute illegal conduct as contemplated by the tort.*).*

The proposed Amended Third-Party Complaint asserts (in 2 separate counts) that: (1) Z-Tech

8

contacted Lauer seeking to employ him; (2) Z-Tech knew at the time that Lauer had an agreement with Patriot prohibiting competition; (3) Z-Tech hired Lauer despite knowledge of the agreement and despite knowledge of the fiduciary duty owed by Lauer to Patriot; and (4) Patriot was damaged by these actions.[2] Through these allegations, Patriot has indeed alleged the first five elements of a claim for tortious interference with business relations.  What is missing, however,  is the last element, i.e., the "independent illegal action."  There is no allegation, other than the act of hiring Lauer, that is independent of the tort.  Moreover, even accepting the facts pled as true and providing Patriot all reasonable inference to which it is entitled, there appears to be no act giving rise to an independent illegal action.   As a result, this proposed amendment is futile.  *Geiger & Peters, Inc. v. Berghoff,* 854 N.E.2d 842, 852 -853 (Ind.Ct.App. 2006) ("Because no illegality is alleged, Appellees were entitled to summary judgment as a matter of law on Peters's tortious interference with a business relationship claim.").  Therefore, the Request to Amend Third-Party Claims against Z-Tech is DENIED.

As for the remainder of the proposed amendments, this court has reviewed the amended claims and it is not clear at this point that the amendments are in fact futile so as to permit denial of the motion to amend as to these other claims.   The fraud counts conform to the minimum

---

[2]This claim is specifically labeled in the proposed Amended Counterclaim and Third-Party Complaint as "Interference with Business Relations" and not "Interference with a Contract."  Under Indiana law, the elements of a claim for tortious interference with a business relationship (or interference with prospective economic advantage), are the same as the elements for interference with a contract, except that the existence of a valid relationship and the defendant's knowledge of the relationship are substituted for the existence of a valid contract and the defendant's knowledge of the contract. *ABN AMRO Mortgage Group, Inc. v. Maximum Mortgage, Inc.,* No. Civ. 1:04 CV 492, 2005 WL 1162889, at *17 (N.D.Ind. May 16, 2005).  Moreover, "where there is no contract, 'illegal conduct is an essential element of tortious interference with a business relationship.'" *Miles Distributors, Inc. v. Specialty Const. Brands, Inc.* 476 F.3d 442, 452 -453 (7th Cir. 2007)(quoting *Levee v. Beeching,* 729 N.E.2d 215, 222 (Ind.Ct.App.2000).

requirements of Fed.R.Civ.P. 9(b) in that they allege sufficient factual details constituting the who, what, where, why, when, and how of the alleged fraud. *See DiLEo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990). As for whether the breach of fiduciary duty is barred by the statute of limitations, it appears that this assertion is more appropriately raised by summary judgment after the parties have had an opportunity through discovery to learn the relevant facts. Accordingly, the Motion to Amend the pleadings to add these claims is GRANTED.

### **Conclusion**

**WHEREFORE,** for the foregoing reasons, it is hereby **ORDERED** that the Defendant's Motion for Leave to File Amended Counterclaim and Third-Party Complaint is granted in accordance with this Order. Patriot shall have ten (10) days to file a revised Amended Counterclaim and Third-Party Complaint removing the third-party claims for tortious interference with business relations against Z-Tech. After the filing of the Amended document, the court shall, by way of separate minute entry, schedule a status and scheduling conference to discuss extending the discovery deadline and set dispositive motion deadlines.

Entered: This 17th day of July 2007.

s/ William C. Lee
United States District Court
Northern District of Indiana
